UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LINDA CESAR,

                              PLAINTIFF,        **AMENDED COMPLAINT**

           -AGAINST-                          16-CV-7446 (GBD)

NEW YORK CITY, POLICE OFFICER ROBERT
KSELMAN, POLICE OFFICER JASON
BROCHHAUSEN, POLICE OFFICER JOHN DOE 3 and
POLICE OFFICER JOHN DOE 4, individually, and in
their capacity as members of the New York City Police
Department,

                              DEFENDANTS.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which Plaintiff Ms. Linda Cesar ("Ms. Cesar") seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about May 14, 2016, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected MS. Cesar to *inter alia* excessive force and false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Ms. Cesar, is a United States citizen and at all times here relevant resided at 158 East 122nd Street, Apartment 35, New York, NY 10035.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Robert Kselman ("PO Kselman") Police Officer Jason Brochhausen ("PO Brochhausen") Police Officer John Doe 3 ("PO John Doe 3") Police Officer John Doe 4 ("PO John Doe 4") at all times here relevant were members of the NYPD and are sued in their individual and professional capacity.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Cesar is 55-years-old and suffers from mental illness.

11. Ms. Cesar lives in a transitional housing program with on-site staff members.

12. On or about May 14, 2016, at approximately 3:00 pm, Ms. Cesar was at home and was visited by her friend Vincent.

13. The staff at the building would not allow Vincent to go to Ms. Cesar's apartment

14. Ms. Cesar had to go to meet Vincent in the building lobby.

15. On her way to the building lobby, Ms. Cesar knocked over a table and flowerpot in the corridor.

16. Ms. Cesar was upset and went back to her apartment.

17. Approximately fifteen minutes later, PO Kselman, PO Brochhausen, PO John Doe 3 and PO John Doe 4 knocked on Ms. Cesar's door.

18. Ms. Cesar told the officers that they could not enter her home without a warrant.

19. Without legal justification, PO Kselman, PO Brochhausen, PO John Doe 3 and PO John Doe 4 smashed open the door and entered Ms. Cesar's home.

20. PO Kselman shot Ms. Cesar in the chest with a taser gun.

21. Ms. Cesar fell to the ground.

22. Ms. Cesar was handcuffed on the ground and held there for approximately thirty minutes.

23. Vincent tried to call an ambulance but the police officers threatened to arrest Vincent if he did so.

24. Eventually an ambulance was called and Ms. Cesar was taken to Metropolitan Hospital Center.

25. Ms. Cesar was admitted to hospital for two and half days.

26. Ms. Cesar was shackled while in hospital.

27. Eventually Ms. Cesar was taken to the 25th Precinct and felony charges were brought against her.

28. Ms. Cesar was released and had to attend court on several occasions.

29. Eventually all charges against Ms. Cesar were dismissed.

30. Ms. Cesar continues to feel traumatized by the events of May 2016, and is wary and fearful when she sees police officers.

31. Ms. Cesar suffered physical injuries as a result of the incident.

32. Ms. Cesar has suffered a great deal following the incident and feels loss of liberty, fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

33. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

34. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

35. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by Defendants.

36. Defendants confined Plaintiff.

37. Plaintiff was aware of, and did not consent to, her confinement.

38. The confinement was not privileged.

39. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

40. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

41. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

42. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

43. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

44. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

45. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

46. Defendants have deprived Plaintiff of her right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

47. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of her rights.

48. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### FOURTH CAUSE OF ACTION

(42 USC 1983 – Unreasonable and Unlawful Search and Entry)

49. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

50. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

51. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants entered and searched Plaintiff's private home and possessions without a valid warrant, without consent, without probable cause and without privilege.

52. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### JURY DEMAND

53. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          May 25, 2017

By:       /s/
          Duncan Peterson (DP 7367)
          PetersonDelleCave LLP
          Attorney for Plaintiff
          233 Broadway, Suite 1800
          New York, NY 10279
          (212) 240-9075